## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Julie M. Kelley,

               Plaintiff/Appellant,

v.                                                   Civil No. 10-cv-2589 ADM

Kyle Patrick Nolan,

               Defendant/Appellee.

---

### APPELLANT'S BRIEF

---

On Appeal from the United States Bankruptcy Court
For the District of Minnesota


Bruce N. Crawford, Atty I.D. 15486     Kyle Patrick Nolan
5101 Olson Memorial Highway        5924 Upton Avenue South
Suite 1000                           Minneapolis, MN 55410
Minneapolis, MN 55422           (612) 922-9116
(763) 545-2720
(763) 545-2350 *Facsimile*
BNC@huscglaw.com

**ATTORNEY FOR APPELLANT**      **APPELLEE, PRO SE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES CITED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      1.     The bankruptcy court erred in it's finding that the $19,853.00 owed to Plaintiff is not a domestic support obligation: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      2.     The bankruptcy court erred in it's finding that the $3,000 owed to Walling, Berg and Debele is not a domestic support obligation: . . . . . . . . . . . . . . . . . . . . . . 9

      3.     The bankruptcy court erred in it's finding that the $4,000 owed to Walling, Berg and Debele is not a domestic support obligation: . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# <u>TABLE OF AUTHORITIES CITED</u>

## CASES

*Adams v. Zentz*
> 963 F.2d 197 (8th Cir. Mo. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Beaupied v. Chang (In re Chang)*
> 163 F.3d 1138 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Day v. Johnson*
> 119 F.3d 650 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Draper v. Draper*
> 790 F.2d 52 (8th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Forsdick v. Turgeon*
> 812 F.2d 801 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Holliday v. Kline (In re Kline)*
> 65 F.3d 749 (8th Cir. Mo. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*In re Gibson*
> 61 Bankr. 997 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Manard-Hester*
> 2009 Bankr. LEXIS 2134 (Bankr. D. Neb. Aug. 12, 2009) . . . . . . . . . . . . . . . . . . . 10, 11

*In re Muncrief*
> 900 F.2d 1220 (8th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re Stone*
> 79 Bankr. 633 (Bkrtcy.D.Md. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Smith*

      114 Bankr. 457 (Bankr.s.D. Miss. 1990)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Macy v. Macy*

      114 F.3d 1 (1st Cir. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Shea v. Shea (In re Shea)*

      221 B.R. 491  (Bankr. D. Minn. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Weems v. Cavaluzzi (In re Cavaluzzi)*

      364 B.R. 363 (Bankr. E.D. Mo. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## STATUTES, RULES & REGULATIONS

11 U.S.C. §523 (a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 12, 13, 14

28 U.S.C. § 158 (a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Bankr. P. 8001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Bankr. P. 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed R. Bankr. P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## OTHER

Nancy C. Dreher and Joan N. Feeney, <u>Bankruptcy Law Manual</u>

      8A-101-102 (5th ed. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# JURISDICTIONAL STATEMENT

Pursuant to 28 U.S.C. § 158(a)(1),  Fed. R. Bankr. P. 8001 and 8002 this Court has jurisdiction over this appeal from the final order and judgment issued by the United States Bankruptcy Court for the District of Minnesota in Adv. Proc. No. 09-4291 (the "Bankruptcy Court").

# LEGAL ISSUES

1.      Did the Bankruptcy Court err in concluding that the $19, 853.00 Defendant was ordered to pay Plaintiff is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5)?

2.      Did the Bankruptcy Court err in concluding that the $3,000.00 Defendant was ordered to pay Walling, Berg & Debele, the attorneys for the Plaintiff in the parties divorce proceeding, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5)?

3.      Did the Bankruptcy Court err in concluding that the $4,000.00 Defendant was ordered to pay Walling, Berg & Debele, the attorneys for the Plaintiff in the parties divorce proceeding, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5)?

# STANDARD OF REVIEW

When reviewing a bankruptcy court decision, this Court acts as an appellate court, reviewing the bankruptcy court's legal conclusions *de novo*, and its findings of fact under the clearly erroneous standard.  *See In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir. 1990); Fed R.

1

Bankr. P. 8013.  "A finding is clearly erroneous if it lacks substantial evidence to support, or if, even when there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."  *Day v. Johnson*, 119 F.3d 650, 654 (8th Cir. 1997).  T he Court may affirm, modify or reverse the bankruptcy court's order.  See Fed R. Bankr. P. 8013.

# STATEMENT OF THE CASE

Appellee Kyle Nolan filed a voluntary Chapter 13 Petition and Schedules on August 4, 2009.  Nolan also filed a Chapter 13 Plan on that date. (PL Ex 1, 2).

On November 2, 2009, Appellant Julie Kelley filed an Adversary Complaint to Determine Dischargeability of the debts owed to her ($19,853.00, $3,000.00 and $4,000.00, respectively).  A hearing was held on May 12, 2010 and judgment was entered for the Defendant. (A-1, 2, 3)  Kelley appeals to this Court from the bankruptcy court's order determining that the debts owed to her are not domestic support obligations within the meaning of 11 U.S.C. § 523(a)(5).

# STATEMENT OF FACTS

The Plaintiff and Defendant were married on March 16, 2002. (PL Ex. 7, Pg 2 III). Plaintiff gave birth to a child in 2003.  (PL Ex. 7, Pg 2 VIII).  The parties separated in 2007 due to Defendant's continuous abuse of Plaintiff. (PL Ex. 7, Pg 18(9) par 3-5, Pg 19(12)-Pg 22 par 1, and Pg 23(4)-Pg 24 par 2).   Despite continuous attempts to resolve custody issues the parties were unable to come to a resolution. The main issue at trial was custody and safety of the minor child.  (PL Ex. 7, Pg 28 par 1, Pg 11 XXIII, Pg 12 XXVI -Pg 27).   Plaintiff was awarded sole

physical and legal custody of the minor child.  (PL Ex. 7, Pg 4 XI).

Defendant continued to be abusive toward Plaintiff (PL Ex. 17, PL Ex. 18, PL Ex. 19, PL Ex. 20, PL Ex. 21) after separation and numerous tactics were used by the Defendant to lengthen the divorce process and increase the cost to Plaintiff during and after the divorce proceeding[1]. (PL Ex. 14, PL Ex. 7 pg 13 (5)(a) par 2 - Pg 14)  Plaintiff has been forced to leave work regularly since 2007 to deal with issues related to child custody, child support, and a variety of other situations created by the Defendant. (PL Ex. 22).  Having to dispute these issues caused Plaintiff's costs and attorney's fees during and after the divorce proceeding to be substantially high.  (PL Ex. 14).  Having to take the time to dispute these issues caused the Plaintiff's income to decrease, thereby reducing funds available for the support of the minor child.

Defendant was ordered to pay Plaintiff $19,853.00 in the Judgment and Decree dated 12/31/2008 and ordered to pay Walling, Berg, and Debele $3,000.00 in the Judgment and Decree dated 12/31/2008 to be applied to the amount owed by Plaintiff to Walling, Berg and Debele. (PL Ex. 7 Pg 28 par 2, Pg 35, 13). Defendant did not pay either sum of money.  Plaintiff remains liable to Walling, Berg and Debele for the attorney fees ordered to by paid by Defendant.

In lieu of traditional child support the parties agreed to split the expenses for the minor child on a 50/50 basis with a quarterly reconciliation. (PL Ex. 7 Pg 5-6, 30).  The parties were to pay daycare and all day kindergarten expenses directly, as separate accounts had been set up with the providers.  (PL Ex 7 Pg 5-6, 30).  Plaintiff paid her portion of the daycare expenses

---

[1]Defendant filed an unfounded ethics complaint against Plaintiff's counsel. (Ex. 16). Defendant reported to the police that the minor child had been kidnapped.  Defendant filed numerous unfounded police reports claiming identity theft.  (Ex. 7 Pg 24 XXXVII par 2, Pg 14 fn1)  Defendant filed an unfounded OFP against a third party on behalf of the minor child.

3

directly as required and when the expenses were reconciled for the first quarter of 2009 as required by the Judgement and Decree Plaintiff owed Defendant a sum of money and submitted a cashier's check to Defendant.  The same situation occurred in the second quarter of 2009. Plaintiff was forced to submit payments to Defendant for the support of the child as required by the Judgment and Decreed.

Defendant ceased paying for his portion of the minor child's daycare and all day kindergarten expenses after receiving the Family Court order dated 12/31/2008. Plaintiff was unaware of Defendant's failure to pay for the services until Plaintiff registered the minor child for summer care.   Plaintiff was forced to file a Motion for Contempt to compel Defendant to pay his child support obligations.  Defendant was found to be in "constructive civil contempt of Court for his failure to pay day care and kindergarten fees for the minor child" as directed by the Judgment and Decree entered December 31, 2008.  Defendant was sentenced to serve up to 90 days in the Hennepin County Adult Correctional Facility. (PL Ex. 8).  Execution of sentence was stayed upon Defendant's compliance with the condition that Defendant pay an amount totaling approximately $2,200 for past due fees for extended kindergarten and daycare to Kids Plus and Kid's Place School Age. The Family Court was aware that Plaintiff was having to pay Defendant for quarterly reconciliations (child support), while the Defendant owed the Plaintiff the sum of $19,853.00.  (Trans. Pg 63, Lns 15-19).  The Family court was also aware of Defendant's intent to file bankruptcy.  On August 24, 2009, it was ordered that until the $19,583.00 is paid Plaintiff may "offset funds otherwise due to Mr. Nolan for reimbursement toward the child's expenses pursuant to the Judgment and Decree, against the balance due and owing to her by Mr. Nolan." (PL Ex. 9, Pg 7 32-35).

4

Defendant failed to pay the $19.853.00 cash equalizer to Plaintiff as instructed in the Judgment and Decree dated 12/31/2008 or make any payments toward the amount owed to Plaintiff (PL Ex. 9, Pg 9).  The Family Court found that Defendant had not acted in good faith. (PL Ex. 9, Pg 9).

Defendant was also ordered on August 24, 2009 to "pay $4,000.00 as and for additional conduct based attorney fees" to be applied to the amount owed by Plaintiff to Walling, Berg and Debele for unreasonably increasing the length and cost of the proceeding.  (PL Ex. 9, Pg 8 40-Pg 9 44).  In accordance with the December 31, 2008 order for Post Decree Attorney Fees (PL Ex 7 Pg 36).  Defendant did not pay either sum of money.  Plaintiff remains liable to Walling, Berg and Debele for these fees.

Plaintiff incurs the majority of expenses related to the minor child (i.e. clothing, food, housing, school expenses, etc).  These expenses are in addition to the expenses outlined in the 12/31/2008 Divorce Decree defined as child support expenses.  Plaintiff has to put significant effort into getting Defendant to abide by the Orders given by the court regarding child support (other than payment of the health insurance which is automatically withheld from Defendant's paycheck).  (PL Ex. 8, PL Ex. 23, PL Ex. 24, PL Ex. 25, PL Ex. 11, PL Ex. 12,).  After Defendant filed bankruptcy on August 4, 2009, Plaintiff received invoices for expenses related to the minor child that she was unaware of because invoices were sent to the Defendant's residence. (PL Ex. 1 Sch. F). Plaintiff has since paid these past due medical expenses.   (PL Ex. 11, PL Ex. 12)   To be able to continue to support herself and the minor child Plaintiff was forced to move out of the twin cities area.  (PL Ex. 10).

# ARGUMENT

## 1.     The bankruptcy court erred in it's finding that the $19,853.00 owed to Plaintiff is not a domestic support obligation:

The 12/31/2008 divorce decree separated the assets of the parties.  Defendant was allocated unsecured debt and various other debts secured by property awarded to Defendant in the decree (homestead and vehicle).  Plaintiff  was allocated unsecured debt, a loan secured by a vehicle awarded to Plaintiff and significant student loan debt.  The funds awarded to Plaintiff in the December 31, 2008 decree were classified as a "cash equalizer."

On August 24, 2009, it was ordered that until the $19,583.00 is paid Plaintiff may "offset funds otherwise due to Mr. Nolan for reimbursement toward the child's expenses pursuant to the Judgment and Decree, against the balance due and owing to her by Mr. Nolan."   (PL Ex. 9, Pg 7 32-35).

The bankruptcy court inaccurately stated there was a waiver of child support (Trans. Pg 75, Ln 22).  The parties did waive spousal maintenance.  There was no waiver of child support by the parties in their Divorce Decree dated 12/31/2008 as stated by the bankruptcy court.  The parties made an agreement as to what constituted child support and it was incorporated into their Divorce Decree dated 12/31/2008. (PL Ex. 7 Pg 5-6, 30).  While the child support obligation is not traditional in nature, that does not mean the obligation does not exist.  Defendant was found in contempt of court for failing to pay his portion of the child's support.  If the court did not intend for their to be an obligation of support of the minor child the court would not have found the defendant to be in contempt of court in its July 28,  2009 order,  "Petitioner failed to comply

with a court-ordered child support obligation."  (A-5, pg 2, PL Ex 8 Pg 2).  Plaintiff had to

initiate court proceedings get Defendant to comply with the Court's order dated 12/31/2008.

The Family Court was aware that Plaintiff was having to pay Defendant for quarterly

reconciliations (child support) as defined in the Divorce Decree, while the Defendant owed the

Plaintiff the sum of $19,853.00.  Defendant made no attempt to pay these funds as ordered (PL

Ex 9 Pg 9).  The Family court was also aware of Defendant's intent to file bankruptcy.  The

Court purposely included the language,  "Ms. Kelley may elect to offset funds otherwise due to

Mr. Nolan for reimbursement toward the *child's expenses* pursuant to the Judgment and Decree,

against the balance due and owing to her by Mr. Nolan for the cash equalizer."  (PL Ex 9 Pg 7).

*Emphasis added*.  The court intentionally employed this language.  Had the court meant the

$19,853.00 to remain a "cash equalizer" as defined in the December 31, 2008 divorce decree the

court would not have altered the language in any way and would have left the language

regarding the $19,853.00 cash equalizer  unchanged.  In the same order (8/24/09), the court

specifically chose not to address the classification of the  additional $4,000.00 amount awarded

to Plaintiff's attorney as a domestic support obligation.  The court did not determine that the

additional $4,000.00 was not a domestic support obligation, it just chose "to take no action on

this issue at this time." (PL Ex 9 Pg 9).  There was no such "take no action" language in regard

to the re-characterization of the $19,853.00 indicating that the court's intent was for the Plaintiff

to receive the funds as support of the minor child.  Had the court wanted to explicitly exclude it

as such, it would have stated so directly.  The court did not explicitly exclude the $4,000.00 as a

domestic support obligation either, it simply took no action at the time.  The court made no

designation that this was not intended to be a domestic support obligation.  The court was aware

of the Defendant's failure to pay his support obligations and the off-setting of the cash equalizer

7

guaranteed the Plaintiff future support of the minor child.  Defendant viewed the re-

characterization as a domestic support obligation and declared it as such in his bankruptcy

petition. (Pl Ex 1).  It was understood by both parties at the close of the July 1, 2009 hearing that

the amount owed to Plaintiff was a domestic support obligation.  (PL Ex1).  Exceptions to

discharge are usually construed narrowly, however the exceptions for family support are

construed more liberally because policy favors enforcement of familial obligations over a fresh

start for the debtor.  *See Holliday v. Kline (In re Kline)* 65 F.3d 749 (8th Cir. Mo. 1995).  The

bankruptcy court claims that child support was waived in the divorce decree, however, it was not

waived it is just not a traditional form of support.  The quarterly reconciliations are the child

support in this case.  The language offsetting the cash equalizer by the quarterly reconciliations

is exactly in the nature of child support, thereby altering the cash equalizer to a child support

obligation.

In the alternative, the $19,853.00 should be deemed support of the Plaintiff and minor

child because the students loans required to be paid by Plaintiff  were used to pay for household

expenses while the parties were married and Defendant  was unemployed.  During the period of

their marriage he had approximately 13 employers and was unemployed shortly after the parties

separated for a period of more than 6 months. $51,113 of the student loan debt was deemed

marital debt as it was incurred "prior to the valuation date for living expenses of the parties and

the minor child." (PL. Exhibit 7, Pg 10).  Defendant  was to pay Plaintiff $19,853.00 to equalize

these dollar amounts.  Defendant has filed bankruptcy to avoid paying his unsecured creditors

and with the purpose of avoiding payment to Plaintiff.  Plaintiff is not afforded such an

opportunity.  Plaintiff  will continue to pay for the support of the child, herself and Defendant in

the nature of a loan post-decree in addition to the funds she needs to expend to support the child

8

and herself  currently.  Were Plaintiff even to consider taking the route taken by the Defendant she would not be afforded the opportunity to a fresh start as student loans are not dischargeable in bankruptcy.  The funds were needed at the time of the award and are currently needed to support herself and the minor child.

## 2.   The bankruptcy court erred in it's finding that the $3,000 owed to Walling, Berg and Debele is not a domestic support obligation:

While Defendant's actions may be brutish as indicated by the bankruptcy court judge in citing *Zentz*, 963 F.2d 197, (Trans Pg 74 Lns 17-25) the present case is different because while the attorney fee award of $3,000 may appear to be punitive, the majority of the parties divorce trial and preparation for trial revolved around the custody and best interests of the minor child.

*Zentz* essentially held that attorney fees would not be dischargeable if they were in connection with the with the best interest of the child.  In the present case custody and the best interests of the minor child were paramount. (PL Ex. 7 Pgs 5-6, 12-27, 30, 31).  By the court awarding attorney's fees it implicitly adopts the stance that the attorney fee award is for support of the child "because such litigation affects the child's welfare" *Beaupied v. Chang (In re Chang)*163 F.3d 1138 (9th Cir. 1998).  A majority of bankruptcy courts have found attorney fees incurred in child custody litigation to be in the nature of support.  The majority of courts hold that attorney's fees are nondischargeable. *See Holliday v. Kline (In re Kline)*, 65 F.3d 749, 750 (8th Cir. 1995) (holding that award of attorney's fees payable to ex-spouse's attorney was nondischargeable under § 523(a)(5) as in the nature of support).

**3.    The bankruptcy court erred in it's finding that the $4,000 owed to**

**Walling, Berg and Debele is not a domestic support obligation:**

> "So I'd like to call your attention to the Manard Hester case at 2009 Westlaw 200501142 Bankruptcy Court in the District of Nebraska, Judge Mahoney's decision which dealt with somewhat similar situation and held that attorney's fees awarded under similar circumstances were in fact *discharged* in the case." *Emphasis added.* Transcript  Pg 77 Line 14-22

In actuality the court in that case found that the attorney's fees awarded were in fact found to be

excepted from discharge (non-dischargeable).  See *In re Manard-Hester* 2009 Bankr. LEXIS

2134 (Bankr. D. Neb. Aug. 12, 2009).  The bankruptcy court stated the case was similar in

situation and similar circumstances and clearly stated the case law inaccurately.  Based on the

Bankruptcy Court's assertion in the transcript the $4,000.00 owed to Walling, Berg and Debele

is a domestic support obligation and should be held to be excepted from discharge.

Additionally, as stated above, neither party was awarded traditional child support.  In lieu

of traditional child support the parties agreed that they each be 50% responsible for the cost of

the child's medical insurance, dental insurance (if any) and daycare costs (including extended

kindergarten fee).  The Defendant failed to pay his half that was to be paid directly to the service

providers.  The Plaintiff paid her half directly to the service providers and was reimbursing

Defendant for the amounts he paid for insurance on behalf of the minor child.  Due to

Defendant's actions the service providers refused to allow the accounts to be split and Plaintiff

had to guarantee the accounts in full with no separation of liability between the parties.  Plaintiff

then brought a motion for contempt for failure to pay child support.  Defendant was found in

10

contempt of court for failure to pay child support.  The bankruptcy court's ruling that neither party is to be paid child support is clearly erroneous.  Defendant was found in contempt of court and ordered to serve 90 days in jail for failure to pay his child support obligations.  To say there is no obligation and the family intended no child support obligation is clearly erroneous because if there was no intent for their to be a child support obligation defendant would not have been found to be in contempt of court.

As in *In re Manard-Hester* characterizing the $4,000.00attorney fee award as simply punitive and not in the nature of support may be too superficial.  As in *In re Manard-Hester*, this divorce case was very contentious.  The focus of the two day divorce hearing was the custody of the minor child.  The financial issues were mainly dealt with in two short phone conferences.  In an attempt to possibly  reduce future litigation the Divorce Decree included language regarding post decree attorney fees.

> "Post Decree Attorney Fees.  In the event either party renders it necessary for the other party to seek enforcement of any of the provisions herein, the party who failed to comply with the terms fo the Judgment and Decree shall be responsible for all reasonable attorney fees and costs incurred by the other party."  (PL. Exhibit 7, Pg 36)

The motion and hearing which preceded the July 28, 2009 and August 24, 2009 family court orders  was for the main purpose of getting the defendant to pay his child support obligations.  The Defendant was found in contempt of court for failing to comply with his child support obligations.  The hearing was directly related to the support of the child.  By the court awarding attorney's fees it is implicit that the award is for support of the child "because such litigation affects the child's welfare" *Beaupied v. Chang (In re Chang)*163 F.3d 1138 (9th Cir. 1998).

11

Because the court opted not to put the award into language specifically directly at avoiding bankruptcy should be of no consequence. "Attorneys' fees incurred by a former spouse in the course of seeking to enforce support-related payments required by a divorce decree are properly nondischargeable under 11 U.S.C. § 523(a)(5). *Macy v. Macy*, 114 F.3d 1, 2 (1st Cir. Mass. 1997). Here Plaintiff had to have the family court enforce the support-related payments ordered in the 12/31/2008 divorce decree. There is a strong policy interest in protecting ex-spouses and children from the loss of alimony, support and maintenance owed by a debtor who has filed for bankruptcy. "The reasoning behind this policy is sound -- if a former spouse must pay an attorney to defend a support order, she has less funds to support herself and children." *Weems v. Cavaluzzi (In re Cavaluzzi)*, 364 B.R. 363, 366 (Bankr. E.D. Mo. 2007). *See Shea v. Shea (In re Shea)*, 221 B.R. 491, 498 (Bankr. D. Minn. 1998) (attorney's fees were incurred in an attempt to enforce the property settlement found excepted from discharge. Every dollar spent on attorney's fees is a dollar not available for the support of Ms. Shea and her children.)

The bankruptcy court wrongly associated "need" of the Plaintiff with the designation of whether an amount is determined to be a domestic support obligation. The bankruptcy court stated, "She clearly doesn't need it" (Transcript Pg 77, Line 11). There is no evidence to indicate that Plaintiff is not in need of the funds owed to her by Defendant for the support of herself and the minor child. The fact that the parties stipulated to a waiver of marital support is not an indication of need or lack thereof. Parties stipulate to certain items for numerous reasons. There is no discussion as to why this was stipulated. The entire divorce process was extremely difficult and contentious. Had a decision been needed regarding spousal maintenance it simply would have prolonged the proceeding and created more difficulties between the parties. As stated previously, there was no waiver of child support as found by the bankruptcy court. All

12

funds expended by Plaintiff on attorneys fees are funds directly withheld from the support of the minor child.  "Virtually all courts hold that the court should not consider the actual needs of the spouse if the state court made an alimony, support or maintenance determination; it is not the business of the bankruptcy court to drill down to see whether the nondebtor really needs the alimony, maintenance, or support awarded by the state court."  Nancy C. Dreher and Joan N. Feeney, <u>Bankruptcy Law Manual</u>, 8A-101-102 (5th ed. 2010).  The majority of courts have held that changes in the Debtor's or Debtor's spouse's financial position, or the support needs of the former spouse or child, at the time of the debtor's filing for bankruptcy are irrelevant to a determination of dischargeability under § 523(a)(5). *See, In re Gibson*, 61 Bankr. 997 (1986); *Forsdick v. Turgeon*, 812 F.2d 801 (1987); *In re Stone*, 79 Bankr. 633 (Bkrtcy.D.Md. 1987); *Draper v. Draper*, 790 F.2d 52 (8th Cir. 1986); *In re Smith*, 114 Bankr. 457 (Bankr.s.D. Miss. 1990).

13

# CONCLUSION

Plaintiff  respectfully requests that this Court reverse the Bankruptcy Court's Order, and find the sums of $19,853.00, $3,000.00 and $4,000.00 owed by Defendant to be domestic support obligations within the meaning of 11 U.S.C. § 523(a)(5).


Dated:  July 14, 2010

*/s/ Bruce N. Crawford*

Bruce N. Crawford, Atty I.D. 154866

Attorney for Appellant

5101 Olson Memorial Highway

Suite 1000

Minneapolis, MN 55422

(763) 545-2720

(763) 545-2350 *Facsimile*

BNC@huscglaw.com

**ADDENDUM INDEX**

Page

1.   FINDINGS OF FACT, CONCLUSIONS OF LAW
     AND ORDER FOR JUDGMENT (5/12/10)                    A-1

2.   JUDGMENT  (5/12/10)                                 A-2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

KYLE PATRICK NOLAN,                                BKY 09-45146

      Debtor.

JULIE M. KELLEY,                                   ADV 09-4291

      Plaintiff,

   -v.-

KYLE PATRICK NOLAN,                                FINDINGS OF FACT,
                                                   CONCLUSIONS OF LAW AND
      Defendant.                                   ORDER FOR JUDGMENT

_____

At Minneapolis, Minnesota, this 12th day of May, 2010.

This adversary proceeding came on for trial before the undersigned on May 12, 2010. Bruce Crawford appeared on behalf of Plaintiff, Julie M. Kelley. Defendant, Kyle Patrick Nolan, appeared *pro se.* This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1070-1. Moreover, this Court may hear and finally adjudicate this proceeding because its subject matter renders such adjudication a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Based on the evidence, and all the files, records and proceedings herein, pursuant to Fed. R. Bankr. P. 7052, following the close of the evidence the Court orally stated and recorded in open court its findings of fact and conclusions of law. Accordingly,

IT IS HEREBY ORDERED THAT:

1.     The $19,853.00 "cash equalizer" Defendant was ordered to pay Plaintiff via the family court's Judgment and Decree dated December 31, 2008 (the "Judgment and Decree"), in the parties' divorce proceeding, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5);

2.     The $3,000.00 in attorneys' fees Defendant was ordered to pay Walling, Berg & Debele, the attorneys for Plaintiff in the parties' divorce proceeding, via the

Judgment and Decree, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5); and

3.       The $4,000.00 in attorneys' fees Defendant was ordered to pay Walling, Berg & Debele, via the family court's August 24, 2009 Order in the parties' divorce proceeding, is not a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5).

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 12, 2010.                               /e/ Nancy C. Dreher
                                                   _____
                                                   Nancy C. Dreher
                                                   Chief United States Bankruptcy Judge


NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/12/2010*
Lori Vosejpka, Clerk, by KK

A-2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

KYLE PATRICK NOLAN,

                    Debtor.                    BKY 09-45146

JULIE M. KELLEY,

                    Plaintiff,                 ADV 09-4291
          -v.-
                                               <u>JUDGMENT</u>
KYLE PATRICK NOLAN,

                    Defendant.
_____

        This proceeding came before the court, and a decision or order for judgment was duly

rendered, the Honorable Nancy C. Dreher, United States Bankruptcy Judge, presiding.

        IT IS THEREFORE ORDERED AND ADJUDGED

    1.    The $19,853.00 "cash equalizer" Defendant was ordered to pay Plaintiff via the
          family court's Judgment and Decree dated December 31, 2008 (the "Judgment
          and Decree"), in the parties' divorce proceeding, is not a domestic support
          obligation within the meaning of 11 U.S.C. § 523(a)(5);
    2.    The $3,000.00 in attorneys' fees Defendant was ordered to pay Walling, Berg &
          Debele, the attorneys for Plaintiff in the parties' divorce proceeding, via the
          Judgment and Decree, is not a domestic support obligation within the meaning of
          11 U.S.C. § 523(a)(5); and
    3.    The $4,000.00 in attorneys' fees Defendant was ordered to pay Walling, Berg &
          Debele, via the family court's August 24, 2009 Order in the parties' divorce
          proceeding, is not a domestic support obligation within the meaning of 11 U.S.C.
          § 523(a)(5).

At:    Minneapolis, Minnesota.              Lori A. Vosejpka, Clerk
Dated: May 12, 2010.                        United States Bankruptcy Court

                                            By _/e/ Karen Krouch_____
                                                   Deputy Clerk

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/12/2010*
Lori Vosejpka, Clerk, by KK

A-3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Julie M. Kelley,

                    Plaintiff/Appellant,

v.                                                    Civil No. 10-cv-2589 ADM

Kyle Patrick Nolan,

                    Defendant/Appellee.

**APPELLANT'S BRIEF**
**CERTIFICATION OF COMPLIANCE**

        In compliance with the United States District Court for the District of Minnesota Local

Rule 7.1(c), and local bankruptcy rule 8010-3, the undersigned hereby certifies that this brief

contains 4, 435 words in satisfaction of the 9,100 word count limitation set forth in local

bankruptcy rule 8010-3.  The word processing program that was used to prepare this

Memorandum, WordPerfect X4, was applied specifically to include all text, including headings,

footnotes, and quotations in this word count.

Dated:  July 14, 2010                              */e/ Bruce N. Crawford*
                                                   Bruce N. Crawford, Atty I.D. 154866
                                                   Attorney for Appellant
                                                   5101 Olson Memorial Highway
                                                   Suite 1000
                                                   Minneapolis, MN 55422
                                                   (763) 545-2720
                                                   (763) 545-2350 *Facsimile*
                                                   BNC@huscglaw.com